UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-62052-AHS

MARGERY GOLANT, on behalf of herself
and other similarly situated,

Plaintiff,

v.

ROUNDPOINT MORTGAGE
SERVICING, LLC,

Defendant.
_______________________________________/

**DEFENDANT ROUNDPOINT MORTGAGE SERVICING, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant RoundPoint Mortgage Servicing LLC ("RoundPoint" or "Defendant"), by and through undersigned counsel, files its Answer and Affirmative Defenses to the Complaint for Damages and Class-Wide Declaratory Relief [DE 1] (the "Complaint") filed by Plaintiff Margery Golant ("Plaintiff"), and states as follows:

## PRELIMINARY STATEMENT

By Order entered September 10, 2026 [DE 97] (the "Order"), the Court granted in part and denied in part RoundPoint's Motion to Dismiss [DE 15], denying the Motion as to Count I (Conversion) and Count II (Tortious Interference with a Contract) and dismissing Count III (Declaratory Relief) without prejudice. Accordingly, no response is required to Count III or to the class action allegations, which pertain solely to Count III. To the extent any response is deemed required, RoundPoint denies those allegations. The headings and subheadings of the Complaint are reproduced below solely for ease of reference; to the extent any heading contains factual allegations, they are denied. Any allegation not expressly admitted is denied. Where RoundPoint

states that a document speaks for itself, RoundPoint refers to the document for its complete contents and denies any allegation inconsistent with it.

**RESPONSES TO THE NUMBERED ALLEGATIONS**

**I. The Parties, Jurisdiction, and Venue**

1. RoundPoint admits that Plaintiff purports to bring individual claims for damages in excess of $75,000.00, but denies that Plaintiff is entitled to any relief and denies the remaining allegations of Paragraph 1.

2. RoundPoint admits that Plaintiff purported to seek class-wide declaratory relief on behalf of the class described in Paragraph 2. The Court has dismissed Count III [DE 97], and no response is required. To the extent a response is required, RoundPoint denies that any class may be certified, denies that Plaintiff or any putative class member is entitled to relief, and denies the remaining allegations of Paragraph 2.

3. RoundPoint is without knowledge sufficient to form a belief as to the allegations of Paragraph 3 and therefore denies them.

4. RoundPoint admits that it is a limited liability company, but denies the remaining allegations of Paragraph 4 as the filings in the referenced *Laskaris* action speak for themselves and denies any characterization inconsistent with them..

5. RoundPoint admits, for jurisdictional purposes only, that venue is proper in the Southern District of Florida. RoundPoint denies that it committed any wrongful act or omission and denies the remaining allegations of Paragraph 5.

6. RoundPoint admits, for jurisdictional purposes only, that the parties are diverse and that this Court has subject matter jurisdiction over Plaintiff's individual claims under 28 U.S.C. §

1332(a)(1). RoundPoint denies that Plaintiff has suffered damages in any amount and denies the remaining allegations of Paragraph 6.

7. The allegations of Paragraph 7 relate to Count III, which the Court has dismissed, and no response is required. To the extent a response is required, RoundPoint states that the referenced Form 10-K speaks for itself, denies any characterization inconsistent with it, denies that the challenged practices increased "float" income, denies that jurisdiction exists under the Class Action Fairness Act, and denies the remaining allegations of Paragraph 7.

8. The allegations of Paragraph 8 relate to Count III, which the Court has dismissed, and state legal conclusions to which no response is required. To the extent a response is required, RoundPoint is without knowledge sufficient to form a belief as to Plaintiff's citizenship or the citizenship of unidentified putative class members, and denies the remaining allegations of Paragraph 8.

**II. Factual Allegations**

9. RoundPoint admits, upon information and belief, that Plaintiff owns the real property encumbered by the mortgage loan RoundPoint services, located in the City of Parkland, Florida. RoundPoint is without knowledge sufficient to form a belief as to whether Plaintiff resides there and therefore denies the remaining allegations of Paragraph 9.

10. RoundPoint is without knowledge sufficient to form a belief as to the allegations of Paragraph 10 and therefore denies them.

11. RoundPoint is without knowledge sufficient to form a belief as to the allegations of Paragraph 11 and therefore denies them.

12. RoundPoint is without knowledge sufficient to form a belief as to the allegations of Paragraph 12 and therefore denies them.

13. RoundPoint is without knowledge sufficient to form a belief as to the allegations of Paragraph 13 and therefore denies them.

14. RoundPoint admits that it received a settlement check from the Florida Insurance Guaranty Association ("FIGA") in the amount of $105,000.00. RoundPoint is without knowledge sufficient to form a belief as to the remaining allegations of Paragraph 14 and therefore denies them.

15. RoundPoint admits that the Property is encumbered by a mortgage recorded in the Official Records of Broward County, Florida, at OR Book 49574, Page 1378 (the "Mortgage"), and that a copy is attached to the Complaint as Exhibit "A." The Mortgage speaks for itself, and RoundPoint denies any allegation inconsistent with it.

16. RoundPoint admits that the Mortgage is written on the Florida Single Family Fannie Mae/Freddie Mac Uniform Instrument. RoundPoint is without knowledge sufficient to form a belief as to the frequency with which that form is used and denies the remaining allegations of Paragraph 16, including any characterization of Florida as a "title theory" state.

17. RoundPoint admits that the FIGA settlement check was made payable jointly to Plaintiff and RoundPoint. The insurance policy and settlement agreement speak for themselves. RoundPoint is without knowledge sufficient to form a belief as to the remaining allegations of Paragraph 17 and therefore denies them.

18. RoundPoint admits that the Federal Home Loan Mortgage Corporation ("Freddie Mac") is the investor in Plaintiff's mortgage loan. RoundPoint denies the remaining allegations of Paragraph 18, including the misidentification of Freddie Mac as the "Federal National Home Home Loan Mortgage Corporation."

19. RoundPoint admits that Freddie Mac contracts with mortgage servicers to service mortgage loans it owns. RoundPoint denies the remaining allegations of Paragraph 19 as characterized.

20. RoundPoint admits that it services Plaintiff's mortgage loan on behalf of Freddie Mac. RoundPoint denies the remaining allegations of Paragraph 20 as characterized.

21. RoundPoint admits that it is the loan servicer, and not the owner, of Plaintiff's mortgage loan. RoundPoint denies that it is merely an "independent contractor" without authority to act for the Lender under the Mortgage, and denies the remaining allegations of Paragraph 21.

22. RoundPoint denies the allegations of Paragraph 22.

23. RoundPoint states that the referenced report, attached to the Complaint as Exhibit "B," and section 627.990, Florida Statutes, speak for themselves, and denies any characterization inconsistent with them. RoundPoint denies that the report, which concerns lender-placed insurance, has any relevance to Plaintiff's claims, and denies the remaining allegations of Paragraph 23.

24. RoundPoint states that the referenced 1992 IRS memorandum, attached to the Complaint as Exhibit "C," speaks for itself, and denies any characterization inconsistent with it. RoundPoint denies the remaining allegations of Paragraph 24.

25. RoundPoint denies the allegations of Paragraph 25.

26. RoundPoint states that the Form 10-K filings of Two Harbors Investment Corp. speak for themselves and denies any characterization inconsistent with them. RoundPoint denies that the income described in those filings arises from, or was increased by, the retention of borrower insurance loss proceeds, and denies the remaining allegations of Paragraph 26.

27. RoundPoint admits that it maintains an Insurance Claim Package describing the documentation and inspection process for the disbursement of insurance loss proceeds, and that a version of that document is attached to the Complaint as Exhibit "D." Exhibit "D" speaks for itself, and RoundPoint denies any characterization inconsistent with it. RoundPoint denies that its procedures were developed to delay or avoid disbursing insurance proceeds or to enhance float income, denies that the Mortgage does not authorize them, and denies the remaining allegations of Paragraph 27.

28. RoundPoint is without knowledge sufficient to form a belief as to when or at whose expense Plaintiff made repairs, and therefore denies those allegations. RoundPoint denies that it was not possible for Plaintiff to comply with the applicable procedures, which expressly provide for reimbursement of completed repairs upon submission of paid receipts, and denies the remaining allegations of Paragraph 28.

29. RoundPoint states that Paragraph 5 of the Mortgage speaks for itself and denies any characterization inconsistent with it, including the misquotation of its inspection provision. RoundPoint denies the remaining allegations of Paragraph 29.

30. RoundPoint is without knowledge sufficient to form a belief as to the conduct of any predecessor servicer and therefore denies the allegations of Paragraph 30.

31. RoundPoint admits that, in or around March 2025, it received the FIGA settlement check, which was made payable jointly to Plaintiff and RoundPoint. RoundPoint is without knowledge sufficient to form a belief as to when Plaintiff received the check and denies any remaining allegations of Paragraph 31.

32. RoundPoint denies the allegations of Paragraph 32.

33. RoundPoint admits that, after Plaintiff endorsed and forwarded the FIGA check, RoundPoint deposited the check and held the proceeds pending completion of its loss draft process consistent with the Mortgage. RoundPoint denies the remaining allegations of Paragraph 33.

34. RoundPoint denies the allegations of Paragraph 34.

35. RoundPoint admits that it disbursed $40,000.00 of the FIGA settlement proceeds to Plaintiff and that, as of the filing of the Complaint, it held the remaining $65,000.00. RoundPoint affirmatively states that it has since inspected the Property and released the remaining $65,000.00 to Plaintiff, and that it no longer holds any portion of the FIGA settlement proceeds. RoundPoint denies the remaining allegations of Paragraph 35.

**III. Count I – Conversion**

36. RoundPoint restates and incorporates its responses to Paragraphs 1 through 35 as if fully set forth herein.

37. RoundPoint admits that it services Plaintiff's mortgage loan on behalf of Freddie Mac. RoundPoint denies that its conduct was outside the scope of its authority or its principal's instructions, inconsistent with its principal's interests, or undertaken solely to advance its own pecuniary interests. The referenced Fannie Mae Servicing Guide speaks for itself and does not govern loans owned by Freddie Mac. RoundPoint denies the remaining allegations of Paragraph 37 and footnote 2.

38. RoundPoint denies the allegations of Paragraph 38 and affirmatively states that it no longer holds any portion of the FIGA settlement proceeds.

39. RoundPoint denies the allegations of Paragraph 39 as characterized.

40. RoundPoint denies the allegations of Paragraph 40.

41. RoundPoint denies the allegations of Paragraph 41. The Mortgage speaks for itself, and RoundPoint denies any characterization inconsistent with it.

42. RoundPoint denies the allegations of Paragraph 42.

43. RoundPoint denies the allegations of Paragraph 43, denies that Plaintiff is entitled to punitive damages, and denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following Paragraph 43.

## IV. Count II – Tortious Interference with a Contract

44. RoundPoint restates and incorporates its responses to Paragraphs 1 through 35 as if fully set forth herein.

45. RoundPoint admits that Plaintiff is the Borrower under the Mortgage. RoundPoint denies that Freddie Mac is a party to the Mortgage as alleged and denies the remaining allegations of Paragraph 45.

46. RoundPoint admits that it is not named as the Lender in the Mortgage, but states that it acts as Loan Servicer under Section 20 of the Mortgage on behalf of the Lender. RoundPoint denies the remaining allegations of Paragraph 46.

47. RoundPoint admits that it services Plaintiff's mortgage loan on behalf of Freddie Mac. RoundPoint denies the remaining allegations of Paragraph 47, including the allegations regarding the Fannie Mae Servicing Guide.

48. RoundPoint admits that, as servicer, it has knowledge of the Mortgage. RoundPoint denies the remaining allegations of Paragraph 48 as characterized.

49. RoundPoint states that the Mortgage speaks for itself and denies any characterization inconsistent with it, including the misquotation of the inspection provision of Paragraph 5. RoundPoint denies the remaining allegations of Paragraph 49.

50. RoundPoint is without knowledge sufficient to form a belief as to the conduct of any prior servicer and therefore denies those allegations. RoundPoint denies the remaining allegations of Paragraph 50.

51. RoundPoint denies the allegations of Paragraph 51.

52. RoundPoint denies the allegations of Paragraph 52.

53. RoundPoint denies the allegations of Paragraph 53.

54. RoundPoint denies the allegations of Paragraph 54.

55. RoundPoint denies the allegations of Paragraph 55.

56. RoundPoint denies the allegations of Paragraph 56.

57. RoundPoint denies the allegations of Paragraph 57, denies that Plaintiff is entitled to punitive damages, and denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following Paragraph 57.

**V. Count III – Declaratory Relief (Class Action Claim)**

The Court dismissed Count III without prejudice [DE 97]. Accordingly, no response is required to Paragraphs 58 through 70 of the Complaint, including the class action allegations, or to the WHEREFORE clause following Paragraph 70. To the extent any response is deemed required, RoundPoint denies each and every allegation of Paragraphs 58 through 70, denies that any class may be certified, and denies that Plaintiff or any putative class member is entitled to any relief.

## GENERAL DENIAL

RoundPoint denies each and every allegation of the Complaint not expressly admitted above, and denies that Plaintiff is entitled to any of the relief requested in the Complaint, including compensatory damages, consequential damages, punitive damages, costs, or attorneys’ fees.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, and without admitting any allegation of the Complaint, RoundPoint asserts the following defenses and affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Satisfy Conditions Precedent)

Pursuant to Federal Rule of Civil Procedure 9(c), RoundPoint specifically and with particularity denies that Plaintiff performed or satisfied all conditions precedent to the commencement of this action. Plaintiff's claims are barred, or at a minimum must be abated, for the following reasons.

The Mortgage, attached to the Complaint as Exhibit "A," is written on the Florida Single Family Fannie Mae/Freddie Mac Uniform Instrument. Section 20 of the Mortgage ("Sale of Note; Change of Loan Servicer; Notice of Grievance") provides, in pertinent part, the following:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

In addition, Section 15 of the Mortgage requires that "[a]ll notices given by Borrower or Lender in connection with this Security Instrument must be in writing," and provides that notice to the Lender "shall not be deemed to have been given to Lender until actually received by Lender."

Section 20 further recognizes that a "Loan Servicer" collects payments and "performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable

Law." RoundPoint is the Loan Servicer of Plaintiff's loan on behalf of Freddie Mac, and Plaintiff alleges that RoundPoint received and held the insurance proceeds at issue while acting, or purporting to act, on Freddie Mac's behalf. (Compl. ¶¶ 20, 41.)

Each of Plaintiff's claims arises from actions taken pursuant to the Mortgage and alleges a breach of the Mortgage or of duties owed by reason of it. Paragraph 5 of the Mortgage authorizes the Lender to hold insurance proceeds until it has had an opportunity to inspect the Property; Plaintiff's claims challenge the manner in which that right was exercised and whether the related inspection was undertaken "promptly"; Count II expressly alleges interference with the Mortgage; and the class allegations seek a determination of what the Mortgage permits. (Compl. ¶¶ 29, 49–53, 65–70.)

Before filing suit on October 13, 2025, Plaintiff did not give the Lender or RoundPoint written notice of the alleged breach in compliance with Sections 15 and 20, and did not afford a reasonable period after such notice to take corrective action. The Complaint alleges only oral communications with RoundPoint representatives and a generalized demand for the funds. (Compl. ¶¶ 32–34, 39.)

Compliance with Section 20 would have permitted the dispute to be resolved without litigation. Prior to the suit being filed, RoundPoint inspected the Property and authorized the release of the remaining $65,000.00 balance of the insurance proceeds.

Section 20 expressly applies to actions brought "as either an individual litigant or the member of a class." Plaintiff's non-compliance therefore also bars her from commencing or joining any class claim arising from the Mortgage. Because Plaintiff failed to satisfy this contractual condition precedent, her claims are barred or, alternatively, this action should be dismissed or abated pending Plaintiff's compliance with Section 20 of the Mortgage.

**SECOND AFFIRMATIVE DEFENSE**
**(Contractual Authorization and Lawful Possession)**

Plaintiff's conversion claim is barred because RoundPoint's receipt and retention of the insurance proceeds was authorized. Paragraph 5 of the Mortgage provides that, during the repair and restoration period, "Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly." Plaintiff voluntarily endorsed and forwarded the FIGA check, which was payable jointly to Plaintiff and RoundPoint, and RoundPoint held the proceeds as Loan Servicer on behalf of the Lender pending completion of its loss draft process and inspection. RoundPoint's inspection and disbursement were undertaken promptly in light of the circumstances, including the age of the loss and Plaintiff's representation that repairs had been completed years earlier. RoundPoint's possession was therefore lawful and was not an unauthorized act of dominion inconsistent with Plaintiff's ownership.

**THIRD AFFIRMATIVE DEFENSE**
**(Privilege and Justification)**

Plaintiff's tortious interference claim is barred because RoundPoint is not a stranger to the Mortgage and its conduct was privileged and justified. As Loan Servicer of Plaintiff's loan, RoundPoint has a financial interest in, and a responsibility to protect, the Lender's collateral and rights under the Mortgage, including the right under Paragraph 5 to confirm that insurance proceeds are applied to restoration or repair of the Property. RoundPoint acted in good faith, without malice, and for the legitimate purpose of protecting the Lender's security interest and complying with applicable investor requirements, not to maximize interest income. Any alleged interference was therefore privileged.

**FOURTH AFFIRMATIVE DEFENSE**
**(Conduct Authorized)**

Plaintiff's claims, and her request for punitive damages, are barred in whole or in part because RoundPoint acted within the scope of its authority as servicer for Freddie Mac and in accordance with the requirements governing the handling and disbursement of insurance loss proceeds on loans owned by Freddie Mac, including the Freddie Mac Single-Family Seller/Servicer Guide. The Insurance Claim Package expressly states that disbursement guidelines "may vary according to the investor" and are followed "unless otherwise directed by the investor." RoundPoint's conduct was therefore authorized by, undertaken for the benefit of, and consistent with the interests of its principal, and was not outside the scope of its authority or motivated solely by its own pecuniary interests.

**FIFTH AFFIRMATIVE DEFENSE**
**(Plaintiff's Own Conduct and Failure to Cooperate)**

Plaintiff's claims are barred or reduced because any delay in the disbursement of insurance proceeds was caused or contributed to by Plaintiff's own acts and omissions. The Insurance Claim Package provides that borrowers may request a free property inspection by contacting RoundPoint and that RoundPoint will reimburse borrowers from claim funds for repairs already paid upon submission of paid-in-full receipts. Plaintiff admits that she did not submit the requested documentation, and she did not provide available information, such as receipts, invoices, or the insurance adjuster's worksheet, that would have permitted RoundPoint to complete its review and inspection more promptly.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff's recovery, if any, must be barred or reduced to the extent she failed to exercise reasonable diligence to mitigate her alleged damages, including her alleged consequential damages

for wasted time, attorneys' fees, and lost investment opportunities. Plaintiff could have avoided or minimized any such losses by submitting available documentation of her completed repairs, by requesting an inspection through the channels identified in the Insurance Claim Package, or by providing written notice and an opportunity to cure as required by Section 20 of the Mortgage before incurring litigation expenses.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Payment, Setoff, and Recoupment)**

RoundPoint has disbursed the entire $105,000.00 in FIGA settlement proceeds to Plaintiff, with $40,000.00 being released before suit was filed, and the remaining $65,000.00 being authorized for disbursement following inspection of the Property and being formally disbursed one day after the lawsuit was commenced. Plaintiff has therefore been paid in full the principal amount she claims was converted, and any recovery must be limited to, and reduced by, all amounts paid. RoundPoint is further entitled to setoff and recoupment of any interest credited to Plaintiff or any other amounts paid or credited to Plaintiff on account of the insurance proceeds.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Permanent or Indefinite Deprivation)**

Plaintiff's conversion claim fails because RoundPoint never intended to, and did not, deprive Plaintiff of the insurance proceeds permanently or for an indefinite time. RoundPoint held the proceeds temporarily, pursuant to the Mortgage, pending completion of its loss draft process and inspection, disbursed a portion of the proceeds before suit, and released the balance upon inspection of the Property. RoundPoint asserts this defense to the extent it is deemed an affirmative defense and without assuming any burden of proof on the elements of Plaintiff's claim.

**NINTH AFFIRMATIVE DEFENSE**
**(Independent Tort Doctrine)**

Plaintiff's tort claims are barred, in whole or in part, because they are predicated on the

alleged breach of contractual obligations under the Mortgage, including the obligation in Paragraph 5 that any inspection be undertaken promptly, rather than on any duty independent of the Mortgage. Under Florida law, a party may not recast an alleged breach of contract, or a mere obligation to pay money, as a claim for conversion or other tort. Plaintiff has not alleged conduct independent of the alleged contractual breach that would support tort liability.

**TENTH AFFIRMATIVE DEFENSE**
**(Limitations on Punitive Damages)**

Plaintiff is not entitled to punitive damages because RoundPoint did not engage in intentional misconduct or gross negligence within the meaning of § 768.72(2), Florida Statutes, and Plaintiff cannot meet her burden of proving entitlement to punitive damages by clear and convincing evidence.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Lack of Privity and Failure to Join a Required Party)**

Plaintiff's tortious interference claim fails because Plaintiff has not established the existence of an enforceable contractual relationship with Freddie Mac under which she has legal rights. Freddie Mac is not a signatory to the Mortgage and Plaintiff's privity with Freddie Mac remains disputed. In addition, Count II depends on the rights and obligations of Freddie Mac under the Mortgage and on whether Freddie Mac failed to perform, and the relief Plaintiff seeks could subject the parties to inconsistent obligations regarding the Lender's rights under Paragraph 5.

**RESERVATION OF RIGHTS**

RoundPoint reserves the right to amend this Answer and to assert additional defenses, including defenses to class certification should Plaintiff seek to replead any class claim, as may become known through discovery or further investigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant RoundPoint Mortgage Servicing LLC respectfully requests that the Court enter judgment in its favor and against Plaintiff on all claims, that Plaintiff take nothing by this action, that the Court award RoundPoint its taxable costs, and that the Court grant such other and further relief as it deems just and proper.

Dated: October 5, 2026

Respectfully submitted,

*/s/Michael R. Esposito*
Michael Esposito
Florida Bar No. 37457
Michael.Esposito@BlankRome.com
**BLANK ROME LLP**
401 East Jackson Street, Suite 3300
Tampa, FL 33602
Phone: 813.255.2324
Facsimile: 813.433.5352
E-Service: BRFLeservice@BlankRome.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on October 5, 2026, with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

*/s/Michael R. Esposito*
Michael R. Esposito